**FINKELSTEIN & KRINSK LLP**
Jeffrey R. Krinsk, Esq. (SBN 109234)
*jrk@classactionlaw.com*
Trenton R. Kashima, Esq. (SBN 291405)
*trk@classactionlaw.com*
550 West C Street, Suite 1760
San Diego, California 92101
Tel: (619) 238-1333; Fax:  (619) 238-5425

**AHDOOT & WOLFSON, PC**
Tina Wolfson, Esq. (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot, Esq. (SBN 172098)
*rahdoot@ahdootwolfson.com*
Ted Maya (SBN 223242)
*tmaya@ahdootwolf.com*
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

**BARBAT, MANSOUR & SUCIU PLLC**
Nick Suciu III, Esq. (*Pro Hac Vice* application forthcoming)
*nicksuciu@bmslawyers.com*
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Tel: (313) 303-3472

*Attorneys for Plaintiff and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA KASKORKIS and KIM CARTER, individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, GENERAL HOLDINGS, INC., a Delaware Corporation,<br><br>                    Defendants. | Case No: 3:16-cv-00990-WQH-AGS<br><br>**DECLARATION OF TRENTON R. KASHIMA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES**<br><br>**DATE:      TBD**<br>**TIME:      TBD**<br>**JUDGE:    Hon. Andrew G. Schopler** |

I, Trenton R. Kashima, hereby declare as follows:

1.    I am an associate attorney with the law firm of Finkelstein & Krinsk LLP, attorneys for the Jenna Kaskorkis and Kim Carter in the above captioned case.  I have personal knowledge of the matters set forth herein, based on my active participation in all material aspects of this litigation.  If called upon, I could and would testify competently to the facts herein based upon my personal involvement in this case.  I submit this declaration in support of Plaintiffs Motion to Compel Further Responses to Plaintiffs' First Set of First Set of Requests for Production of Documents and First Set of Special Interrogatories to General Nutrition Centers, Inc.

2.    The parties held their Rule 26(f) Conference on August 8, 2016.  During its Conference, the parties generally discuss the topics that would be later incorporated into the Parties' Joint Rule 26(f) Report and Discovery Plan.

3.    On August 15, 2016, the Parties filed their Joint Rule 26(f) Report and Discovery Plan [Dkt. No. 15].  This document included the parties' understandings and agreements regarding the production of both physical and electronic documents, the location of electronical stored information, foreseeable discovery topics, potential witnesses, limitations of discovery, and the pretrial schedule.

4.    The parties appeared for an Early Neutral Evaluation/Case Management Conference, before the Hon. Jill L. Burkhardt, on August 23, 2016.  The parties expressed their opinion that settlement discussions may be premature.  However, such discussions may be fruitful after initial discovery.  Accordingly, Judge Burkhardt recommended that the parties meet and confer regarding discovery and set a date by which their initial discovery exchanges could be completed.  With that date established, Judge Burkhardt further suggested that the parties either engage a private meditator or contact her chambers for settlement discussion.

5.    Also during the Case Management Conference, Judge Burkhardt expressed doubts regarding the parties competing pretrial schedules, as presented in the parties' Joint Rule 26(f) Report and Discovery Plan ("Rule 26(f) Report").  Judge

1    Burkhardt articulated her wish that the case move judiciously, and noted that she would
2    likely set a more abbreviated pretrial schedules than that which was proposed by either
3    party.  At no time during the drafting and negotiation of the Rule 26(f) Report or during
4    the Early Neutral Evaluation/Case Management Conference did Defendant suggest that
5    it would be seeking any additional limits on the discovery topics disclosed.

6         6.    On August 26, 2016, Plaintiffs served their First Set of Requests for
7    Production of Documents and First Set of Special Interrogatories to General Nutrition
8    Centers, Inc.  Plaintiffs were seeking these initial documents and information to engage
9    in early settlement discussion (as recommended by Judge Burkhardt) and determine
10   additional discovery topics, including depositions and expert discovery.  Additionally,
11   given that the Court had set a relatively short timeframe in which to conduct class
12   discovery, Plaintiffs needed timely responses to their initial requests in order to review
13   such documents with sufficient time to propound additional discovery (such as
14   depositions), allow their experts to review pertinent material, and prepare their class
15   certification arguments.

16        7.    Additionally, given the subject matter of this case, Plaintiffs also
17   understood that discovery will likely involve electronically stored information ("ESI").
18   Therefore, I sent a detailed letter regarding ESI discovery which proposed a number of
19   different proposed discovery protocols (such as key term searches and predictive
20   coding) and asked for additional information regarding Defendants' computer systems
21   so that Plaintiffs may "minimize any potential discovery burden on [Defendants] and
22   provide Plaintiffs with a fair opportunity to receive information relevant to this lawsuit."
23   Plaintiffs also offered to hold a meet and confer between the parties' counsel and their
24   ESI consultants to facilitate any ESI discovery.  Attached hereto as **Exhibit A** is a true
25   and correct copy of my August 26, 2016 letter.  There was no respond to my August 26,
26   2016 letter.

27        8.    On September 23, 2016, I sent a letter to Jimmy Nguyen, counsel for
28   Defendants, noting that Defendants' responses to Plaintiffs were due on August 26,

DECLARATION OF TRENTON R. KASHIMA IN SUPPORT OF MOTION          Case No. 3:16-cv-00990-WQH-AGS
TO COMPEL

2016, and that the parties should consider engaging Judge Burkhardt or a mediator for settlement discussions. Attached hereto as **Exhibit B** is a true and correct copy of my September 23, 2016 letter. I also asked Defendants to indicate if they intended to substantively respond to Plaintiffs' initial discovery request as it may alter the timing of the parties' settlement discussions.

9. Defendants responded to Plaintiffs' initial discovery requests on September 26, 2016. Attached hereto as **Exhibits C & D** are a true and correct copy of Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents and First Set of Special Interrogatories to General Nutrition Centers, Inc., respectively. Defendants largely responded to Plaintiffs' initial discovery requests on September 26, 2016 with either general objections or nonresponsive replies. Defendants' responses did not mention any sampling procedure.

10. On October 3, 2016, Mr. Nguyen responded to my September 26, 2016 letter. Attached hereto as **Exhibit E** is a true and correct copy of Mr. Nguyen's October 3, 2016 letter. Mr. Nguyen stated that "rolling document productions" would commence shortly and mediation could be scheduled in the next couple of months, after such documents were provided.

11. Given the deficiencies in Defendants' response to Plaintiffs First Set of Requests for Production of Documents and Special Interrogatories, I sent a letter to Mr. Nguyen on October 4, 2016 to request that Defendants agree to a telephonic meet and confer regarding the discovery disputes. I also stated that a more detailed letter outlining the deficiencies in Defendants' discovery responses would shortly follow. Ultimately, the parties agreed to telephonically meet and confer on October 10, 2016. Attached hereto as **Exhibit F** is a true and correct copy of the email chain between counsel regarding the October 10, 2016 meet and confer telephone call.

12. Additionally, I formally responded to Mr. Nguyen's October 3, 2016 letter and General Nutrition Centers, Inc.'s Responses and Objections to First Set of Requests for Production of Documents and First Set of Special Interrogatories on October 7,

- 3 -

2016.  Attached hereto as **Exhibit G** is a true and correct copy of my October 7, 2016 letter.  This eight-page letter addressed each of General Nutrition Centers, Inc.'s objections and responses, point by point, in preparation for the parties' October 10, 2016 telephonic meet and confer.  Plaintiffs particularly took issue with Defendants' general refusal to product documents regarding the putative class, proposed rolling production, and evasive interrogatory responses.

13. The parties held their telephonic meet and confer on October 10, 2016, but were unable to come to any overarching agreement regarding their disputes. Defendants, however, did offer to take Plaintiffs' concerns under advisement and agreed to provide a more detailed written response to Mr. Kashima's October 7, 2016 letter.

14. On October 18, 2016, Zana Bugaighis, counsel for Defendants, sent a letter which addressed the issues identified in Mr. Kashima's October 7, 2016 letter and the parties' telephonic meet and confer.  Attached hereto as **Exhibit H** is a true and correct copy of Ms. Bugaighis' October 18, 2016 letter. Defendants agreed to some concessions, such as providing additional responses to a limited number of Plaintiffs' Requests and providing "Plaintiffs with the bates range for documents responsive to each interrogatory" and to provide a privilege log for any objections on the basis of "Privilege" and "Third Party Privacy Rights."  Additionally, Ms. Bugaighis noted that "GNC anticipates making a production of documents the week of October 24th." However, the parties did not come to any agreement regarding the majority of their disputes.

15. Under the Judge Burkhardt's Chamber Rules, parties are required to leave a voicemail with her Chambers if the parties are unable to resolve their discovery disputes within 30 days.  *See* Judge Burkhardt's Chamber Rule IV(A).  Accordingly, when Plaintiffs had not received Defendant General Nutrition Centers, Inc.'s amended responses on October 25, 2016, Vanessa Shakib, counsel for Plaintiffs, emailed Defendants' counsel to request that they join Plaintiffs' counsel on a call to Judge

- 4 -

Burkhardt's Chambers.  Attached hereto as **Exhibit I** is a true and correct copy of the email chain between counsel regarding the October 26, 2016 Chambers call.

16.    Counsel contacted Judge Burkhardt's Chamber and left two voicemails. Due to the limited time available to leave a message, Plaintiffs' counsel and Defendants' counsel each left their own voicemail regarding their respective position.  It was only during Defendants' voicemail that Plaintiffs first learned that Defendant was considering a "sampling procedure," but no further details were provided.

17.    I was surprised by this revelation because Defendants had not informed Plaintiffs' counsel that any proposed sampling was contemplated during the parties' meet and confer.   Additionally, Plaintiffs had provided a detailed letter regarding establishing search terms or other methods to limit ESI discovery in August, but had received no response.  Thus, I emailed Ms. Bugaighis after the Court call to inquire further regarding Defendants' sampling proposal, including "what type of sampling, on what category of documents, Defendant may be proposing."  Bugaighis responded that Defendants still were "attempting to determine a methodology that will not be overly burdensome," and "[Defendants] have not yet determined this methodology… [thus] believe the discovery dispute is premature."  *Id*.  Attached hereto as **Exhibit J** is a true and correct copy of the October 26, 2016 email chain between counsel regarding the proposed sampling procedure.  Accordingly, Plaintiffs' counsel awaited further details.

18.    On October 31, 2016, Judge Burkhardt issued a Minute Order directing the parties to call the Court for a telephonic Discovery Conference on November 1, 2016. [Dkt. No. 24].  The parties appeared as required on November 1, 2016 to discuss their discovery dispute.  Judge Burkhardt noted that she would not be deciding the merits of the parties' dispute, but instead would determine what further steps should be taken by the parties.  During the Conference, the parties outlined their positions and discussed the dispute.  Plaintiffs raised their concerns regarding the timeliness of the document production.  The parties also discussed the proposed protective order.  Defendants reiterated the position established in Ms. Bugaighis' October 26, 2016 email:

- 5 -

1   Defendants were still working on developing a proposed sampling methodology with

2   their clients and would provide Plaintiffs with their proposal shortly.  Defendants'

3   counsel repeatedly stated that any proposal discussed was tentative because it would

4   have to be approved by their client.  However, Defendants proposed a sampling of

5   handful of documents (the parties may select three products from nine undefined

6   categories) products in lieu of all 4,000 products.[1]  I protested that such a sample size

7   would likely be statistically insignificant.  Additionally, I noted that "devil is in the

8   details" and Plaintiffs could not consider Defendants' proposal until more details were

9   provided.   Plaintiffs also suggested that the parties appoint electronically stored

10  information ("ESI") liaisons to facilitate discovery at this time.  Judge Burkhardt order

11  the parties to call her Chambers on November 21, 2016, and leave a voicemail, if the

12  dispute was not resolved.

13       19.   Defendants provided Plaintiffs with their amended responses to the

14  outstanding discovery on November 10, 2016.  Attached hereto as **Exhibits K & L** are

15  a true and correct copy of Defendants' Amended Responses to Plaintiffs' First Set of

16  Requests for Production of Documents and First Set of Special Interrogatories to

17  General Nutrition Centers, Inc., respectively.  Plaintiffs never received a concrete

18  proposal from Defendant regarding how any sampling would be conducted, a list of

19  products from which Plaintiffs may select its sample, the product categories from which

20  Plaintiffs may choose the samples, or what documents would be provided for the

21  selected products before or after receiving Defendants' Amended Responses.

22       20.   On November 11, 2016, Defendants' finally produced their first batch of

23  documents – three documents numbered GNC_Kaskorkis_000001 through

24  GNC_Kaskorkis_000003.  One document was an organization chart and the other two

25  ---

26  [1] The Court encouraged the parties to hold a meet and confer conference after the
Call.  Accordingly, the parties called each other after the Discovery Conference.
27  Defendants' counsel offered little additional details regarding their sampling proposal.
For example, Plaintiffs inquired regarding the identity of the "nine divisions" discussed
28  mentioned on the call, but Defendants were unable to identify these divisions,
Defendants' counsel promised to provide such details.

DECLARATION OF TRENTON R. KASHIMA IN SUPPORT OF MOTION        Case No. 3:16-cv-00990-WQH-AGS
TO COMPEL

1   documents were excel spreadsheets (one regarding the purchase history of Plaintiff and
2   the other held an unknown significance).

3        21.    Judge Scholper replaced Judge Burkhardt as the presiding Magistrate
4   Judge on the case shortly after the parties' Discovery Conference.  Rebecka Garcia, a
5   paralegal at my firm, contacted Judge Scholper's Chambers to inquire if Judge Scholper
6   would like the parties to call on November 21, 2016, and leave a voicemail, if the
7   discovery dispute was not resolved as ordered by Judge Burkhardt.  The Court's Clerk
8   informed Plaintiffs that the parties should contact his chambers at 10:30 am on
9   November 21, 2016 if any disputes remain.  I emailed this same information to
10  Defendants' counsel.

11       22.    Because Defendants' amended responses were incomplete, contradicted
12  the parties' prior agreements, and did not include any responsive information, I sent
13  Defendants a letter outlining such deficiencies on November 18, 2016. Attached hereto
14  as **Exhibit M** is a true and correct copy of my November 18, 2016 letter.  I stated that
15  Plaintiffs could not continue to wait for Defendant's proposed sampling procedure or
16  "rolling production" and that additional responses must be provided immediately.
17  However, I offered to meet and confer regarding the conduct of ESI discovery.

18       23.    Defendants responded on November 19, 2016 in a letter.  Although this
19  letter was addressed to me, it was not sent to my email address.  Accordingly, I only
20  received this letter on the morning of November 21, 2016.  Attached hereto as **Exhibit
21  N** is a true and correct copy of Ms. Bugaighis' November 19, 2016 letter.  Ms. Bugaighis
22  emailed Plaintiffs' counsel to determine whether the parties were going to hold a call
23  with the Court as directed.  I emailed Ms. Bugaighis back to inform her that Plaintiffs
24  could not wait for Defendants to provide additional details regarding its sampling
25  procedure (such as the products in nine divisions from which Defendants could select
26  its sample) or their "rolling" production (only three documents had been produced to
27  date).  Accordingly, I notified Ms. Bugaighis of Plaintiffs intention to call the Court to
28  inform it of our intentions to file a motion to compel.  I also invited Ms. Bugaighis to

1    join the call. Attached hereto as **Exhibit O** is a true and correct copy of the email chain

2    between the parties regarding the November 21, 2016 Discovery Conference.

3    24.    Ultimately, after discussing the matter before calling the Court, the parties

4    agreed to hold a Discovery Conference with the Court.  During the November 21, 2016

5    call with Judge Scholper, the parties again outlined their discovery disputes.

6    Defendants argued that they had provided Plaintiffs a "proposed" sampling procedure

7    during the November 1, 2016 conference.  Plaintiffs responded that they had understood

8    that any discussion by Defendants regarding a proposed sampling procedure was

9    preliminary, given Defendants' counsel had not secured the approval of its Clients, and

10   that a more formal proposal was pending.  Judge Scholper heard the parties without

11   addressing the merits of their disputes.  Instead, Judge Scholper suggested the parties

12   continue to meet and confer.  Judge Scholper did, however, direct the parties to file a

13   motion to compel as soon as possible if an agreement could not be reached.

14   25.    On November 23, 2016, Defendant produced five more documents

15   (GNC_Kaskorkis_000004 through GNC_Kaskorkis_000008), which were screenshots

16   of an unknown computer program and excel spreadsheets of unknown importance.

17   26.    On December 5, 2016, I contacted Sean Sullivan, counsel for Defendants,

18   to inquire if Defendants would be opposed to Plaintiffs filing a thirty-page brief in

19   support of the Motion to Compel.  Mr. Sullivan called me on December 6, 2016 and

20   stated that Defendants would not oppose a request to file a thirty-page brief in support

21   of the Motion to Compel, conditioned on the agreement that Plaintiffs would not oppose

22   Defendants filing thirty-page brief in opposing.

23   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws

24   of the United States of America that the foregoing is true and correct.

25   Executed on December 9, 2016 in San Diego, California.

26                                                   /s Trenton R. Kashima
                                                     Trenton R. Kashima
27

28

DECLARATION OF TRENTON R. KASHIMA IN SUPPORT OF MOTION          Case No. 3:16-cv-00990-WQH-AGS
TO COMPEL