# EXHIBIT C

JAMES D. NGUYEN (State Bar No. 179370)
  jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
  seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ZANA BUGAIGHIS (State Bar. No. 257926)
  zanabugaighis@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700

Attorneys for Defendants
GENERAL NUTRITION CENTERS, INC. and
GNC HOLDINGS, INC. (erroneously named as
GENERAL HOLDINGS, INC.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA KASKORKIS and KIM CARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, GENERAL HOLDINGS, INC., a Delaware Corporation, and DOES 1-10,<br><br>Defendants. | Case No. **3:16-cv-00990-WQH-JLB**<br><br>JUDGE: HON. WILLIAM Q. HAYES<br>CASE FILED: APRIL 22, 2016<br><br>DEFENDANT GENERAL NUTRITION CENTERS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION |

PROPOUNDING PARTY:    JENNA KASKORKIS AND KIM CARTER

RESPONDING PARTY:    GENERAL NURITION CENTERS, INC.

SET NUMBER:    ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34(b), General Nutrition Centers, Inc. ("GNC") responds to Plaintiffs Jenna Kaskorkis and Kim Carter's First Set of Request for Production as follows:

### GENERAL OBJECTIONS

GNC makes the following General Objections to Plaintiffs' Requests.  GNC reserves the right to supplement, amend, or qualify these General Objections.

1.    **Relevance and Scope.**  GNC objects to Plaintiffs' Requests as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents unrelated to the Plaintiffs' allegations as made in the Amended Complaint.  Plaintiffs make specific allegations only as to three GNC products and Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices or GNC-branded products which are not similarly situated to the branded products Plaintiffs allegedly purchased on sale.  For each unique product, sale prices vary by pricing period and vary further depending on various promotions and coupons available.  A class has yet to be certified, and Plaintiffs are limited to claims only for the products (alleged in the Amended Complaint) which they purchased.

Further, GNC objects to Plaintiffs' Requests to the extent they request GNC produce "all" documents with respect to a specified assertion or subject matter or documents merely "relating" or "referring" to the same as imposing an undue burden out of proportion to the issues in the lawsuit because (a) these requests encompass information with only a remote or tangential relationship to the subject matter described in the request, and (b) they fail to designate the documents requested with reasonable particularity, as Federal Rule of Civil Procedure 34(b)(1)(A) requires. *See Lopez v. Chertoff*, 2009 WL 1575214, *2 (E.D. Cal. 2009) ("The use of the words 'relating to' and 'referring to' are overly broad because defendant does not have reasonable notice of what is called for and what is not.").

1

2.     **Limitations on Discovery**.  This case is an action brought by two individuals, and the Court has not certified a class.  Unless and until the Court certifies this case as a class action (which GNC believes it should not do), the parties should limit discovery to issues relevant to class certification.  *See* Manual for Complex Litigation (Fourth) § 21.14, at 256 (2004) ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.").  GNC therefore objects to Plaintiffs' Requests to the extent they purport to seek information not relevant either to class certification issues or to Plaintiffs' individual claims.

3.     **Undue Complexity**.  GNC objects to Plaintiffs' Definitions, Instructions, and Rules of Construction, which purport to re-define everyday words and impose detailed requirements on the routine production of documents.  The Definitions, Instructions, and Rules of Construction appear intended to trap the unwary by imposing nuanced requirements that exceed the requirements for responding to requests for production under the Federal Rules of Civil Procedure.  GNC will produce documents pursuant to the Federal Rules of Civil Procedure and the Local Rules, and objects to Plaintiffs' effort to impose discovery obligations above and beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.  GNC specifically objects to Plaintiffs' definition of "PRICE(S)" which cannot be distinguished from Plaintiffs' definition of "REGULAR PRICE(S)."  GNC will treat these terms as interchangeable.

4.     **Privilege.**   GNC objects to Plaintiffs' Requests to the extent they seek information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint defense or common-interest privilege, or any other constitutional, statutory, common law or regulatory protection, immunity or proscription from disclosure.  Where GNC withholds information under claim of privilege, GNC will so indicate on a privilege log.  (It would, however, be unduly

GNC OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

burdensome for either party to prepare a privilege log of documents created after Plaintiffs commenced this action, and GNC therefore objects to doing so.)  GNC does not intend the inadvertent production of any privileged or protected information to constitute a waiver of GNC's rights to assert any applicable privilege or protection with respect to any such information or any other matter.

5.   **Third Party Privacy Rights.**  GNC objects to Plaintiffs' Requests to the extent they demand information or documents whose disclosure would violate the privacy rights of individuals, confidentiality agreements between GNC and any entity or individual, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of information.

6.   **Proprietary Information and Trade Secrets.**  GNC objects to Plaintiffs' Requests to the extent they seek confidential or proprietary business information, trade secrets or commercially sensitive information.  GNC will produce documents containing such information only upon entry of an appropriate protective order pursuant to Federal Rule of Civil Procedure 26(c).

7.   **Supplementation.**  GNC's investigation into the factual background of the matters alleged in this action is ongoing and incomplete.  Accordingly, these responses reflect only GNC's current knowledge.  GNC reserves its right to supplement, amend, or modify its responses as its investigation continues and as discovery proceeds, and to rely on any such information discovered after the time of these responses, at any time up to and including trial.  GNC further reserves its right to correct any responses to any Requests made as a result of mistake or inadvertence, and to assert any applicable objections at any time up to and including trial.  GNC does not undertake, and hereby disclaims, any obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure.  Except as expressly admitted in these responses, no facts should be taken as admitted, implied or inferred.  Further, no inference as to the existence of any responsive information or documents should be made from the assertion of any objection to any Requests.

3

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1:

All DOCUMENTS sufficient to show the (i) product number, (ii) SKU, (iii) PRICE, (iv) MEMBERSHIP PRICE, and, if applicable, (v) SALE PRICE and (vi) REGULAR PRICE of each ONLINE PRODUCT.

RESPONSE TO REQUEST NO. 1:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents sufficient to show the product numbers, PRICE, and SALE PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 2:

All DOCUMENTS sufficient to show the (i) product number, (ii) SKU, (iii) PRICE, (iv) MEMBERSHIP PRICE, and, if applicable, (v) SALE PRICE and (vi) REGULAR PRICE of each IN-STORE PRODUCT similar or identical to any ONLINE PRODUCT.

GNC OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 2:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents sufficient to show the product numbers, PRICE, and SALE PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 3:

All DOCUMENTS and DATA comparing the PRICE of ONLINE PRODUCTS to the PRICE of similar or identical IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 3:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold

on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that compare the PRICE of online products to the PRICE of in-store products for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 4:

All DOCUMENTS and DATA comparing the MEMBERSHIP PRICE of ONLINE PRODUCTS to the MEMBERSHIP PRICE of similar or identical IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 4:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices.  GNC will not produce documents in response to this Request.

REQUEST NO. 5:

All DOCUMENTS and DATA comparing the SALE PRICE of ONLINE PRODUCTS to the SALE PRICE of similar or identical IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 5:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that compare the SALE PRICE of online products to the SALE PRICE of in-store products for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 6:

All DOCUMENTS and DATA comparing the REGULAR PRICE of ONLINE PRODUCTS to the REGULAR PRICE of similar or identical IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 6:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks

for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that compare the PRICE of online products to the PRICE of in-store products for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 7:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 7:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures," rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the PRICE or SALE PRICE of online products to the extent GNC relied on those

GNC OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

documents to establish the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 8:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the MEMBERSHIP PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 8:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices.

This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures," rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

GNC will not produce documents in response to this Request.

REQUEST NO. 9:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols,

9

training manuals, training guides, and/or operations manuals, for establishing the SALE PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 9:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the PRICE or SALE PRICE of online products to the extent GNC relied on those documents to establish the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 10:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the REGULAR PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 10:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves.

In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the PRICE or SALE PRICE of online products to the extent GNC relied on those documents to establish the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 11:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the PRICE of IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 11:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the PRICE or SALE PRICE of online products to the extent GNC relied on those documents to establish the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 12:

All DOCUMENTS and DATA that RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the MEMBERSHIP PRICE of IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 12:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery],  3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices.

This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

GNC will not produce documents in response to this Request.


REQUEST NO. 13:

All DOCUMENTS and DATA that RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the SALE PRICE of IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 13:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the SALE PRICE of online products to the extent GNC relied on these documents to establish the SALE PRICE of in-store products from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 14:

All DOCUMENTS and DATA that RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for establishing the REGULAR PRICE of IN-STORE PRODUCTS.

RESPONSE TO REQUEST NO. 14:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

1  Without waiving the foregoing objections, GNC will produce responsive, non-

2  privileged documents that constitute policies and procedures for establishing the

3  PRICE or SALE PRICE of online products to the extent GNC relied on those

4  documents to establish the PRICE or SALE PRICE of online products from April

5  2012 to April 2016 and if GNC's continued investigation determines any such

6  documents exist.

7

8  REQUEST NO. 15:

9  All DOCUMENTS and DATA RELATING to the determination of the

10  REGULAR PRICE of ONLINE PRODUCTS.

11  RESPONSE TO REQUEST NO. 15:

12  GNC objects to this Request under General Objections 1 [relevance and

13  scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6

14  [proprietary information and trade secrets], and 7 [supplementation].

15  Furthermore, this Request is overbroad, unduly burdensome, and not

16  reasonably calculated to lead to the discovery of admissible evidence because it asks

17  for pricing documentation for products beyond the three GNC products purchase by

18  Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified

19  (and should not be).  In fact, this request appears to request information about

20  potentially all products sold on the GNC.com website, and without any time

21  limitation.  GNC sells hundreds of products online and in-store making discovery

22  requests regarding every product sold out of proportion with the issues in the

23  lawsuit. This Request is also overbroad and unduly burdensome because it seeks

24  "[a]ll DOCUMENTS and DATA RELATING" to determination of price rather than

25  just documents relied upon to establish GNC's pricing for the products at issue.

26  Without waiving the foregoing objections, GNC will produce responsive, non-

27  privileged documents that constitute documents GNC relied upon to establish the

28  online PRICE for each of the three products purchased by Plaintiffs (as alleged in

14

the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 16:

All DOCUMENTS and DATA RELATING to the determination of the SALE PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 16:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to determination of price rather than documents relied upon to establish GNC's pricing for the products at issue.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute documents GNC relied upon to establish the online SALE PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

15

REQUEST NO. 17:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 17:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to price changes (and proposed changes) rather than just documents relied upon to establish GNC's pricing changes for the products at issue.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute documents GNC relied upon to establish changes to the online PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 18:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the MEMBERSHIP PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 18:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to price changes (and proposed changes) rather than documents relied upon to establish GNC's pricing changes for the products at issue.

GNC will not produce documents in response to this Request.


REQUEST NO. 19:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the SALE PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 19:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information

about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to price changes (and proposed changes) rather than just documents relied upon to establish GNC's sale pricing changes for the products at issue.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute documents GNC relied upon to establish changes to the online SALE PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 20:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the REGULAR PRICE of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 20:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchase by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the

18

lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to price changes (and proposed changes) rather than just documents relied upon to establish GNC's pricing changes for the products at issue.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute documents GNC relied upon to establish changes to the online PRICE for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 21:

All DOCUMENTS and DATA RELATING to YOUR current and legacy policies and procedures, including any instructions, policies, procedures, protocols, training manuals, training guides, and/or operations manuals, for ensuring the REGULAR PRICE for a given ONLINE PRODUCT is one at which the ONLINE PRODUCT was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of business.

RESPONSE TO REQUEST NO. 21:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to "current and legacy policies and procedures" rather than just requesting the policies and procedures themselves. In addition, the reference to "legacy policies and procedures" is unlimited as to time and is therefore overly broad and unduly burdensome for that further reason.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for establishing the

PRICE or SALE PRICE of online products to the extent GNC relied on those documents to establish the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 22:

All DOCUMENTS and DATA RELATING to YOUR compliance with California Business & Professions Code, Section 17501.

RESPONSE TO REQUEST NO. 22:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].  This Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to compliance with a statute generally without reference to any particular time period, subject matter, products or other appropriate limitation.

GNC will not produce documents in response to this Request.

REQUEST NO. 23:

All DOCUMENTS and DATA RELATING to YOUR compliance with federal or state laws and regulations regarding the advertisement of discount prices on YOUR SITE.

RESPONSE TO REQUEST NO. 23:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].  This Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA RELATING" to compliance with undefined federal and state laws (which

could be numerous) generally without reference to any particular time period, subject matter, products or other appropriate limitation.

GNC will not produce documents in response to this Request.

REQUEST NO. 24:

All DOCUMENTS and DATA, sufficient to separately identify each customer who purchased ONLINE PRODUCTS advertised with a REGULAR PRICE at the time of purchase.

RESPONSE TO REQUEST NO. 24:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 5 [third party privacy rights], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

GNC further objects to this Request to the extent it calls for GNC to produce personally identifiable information.  GNC is not obligated to produce such names and other identifying information when no class has been certified.

GNC will not produce documents in response to this Request.

REQUEST NO. 25:

All DOCUMENTS and DATA RELATING to the decision to feature or display the REGULAR PRICE on YOUR SITE.

RESPONSE TO REQUEST NO. 25:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation]. This Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without any limitation as to products or time period.

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents concerning GNC's decision to display the PRICE online for the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 26:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the pricing information displayed on YOUR SITE.

RESPONSE TO REQUEST NO. 26:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute documents GNC relied upon to establish changes to the online PRICE or SALE PRICE for the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 27:

All DOCUMENTS and DATA RELATING to sales and marketing strategies for discounted ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 27:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute sales and marketing strategies to the extent GNC relied on these documents to establish the PRICE or SALE PRICE for the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 28:

All DOCUMENTS and DATA RELATING to changes or proposed changes to the marketing or advertising of discounted ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 28:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information

about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Because GNC cannot determine what documents are requested, GNC will not produce documents in response to this Request.

REQUEST NO. 29:

All DOCUMENTS and DATA RELATING to the effectiveness of all advertised discounts as exhibited on YOUR SITE, including studies, evaluations, and marketing analyses.

RESPONSE TO REQUEST NO. 29:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute studies, evaluations, and marketing analyses

concerning the effectiveness of advertised discounts for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 30:

All DOCUMENTS and DATA RELATING to the financial result, benefit, and/or consequence listing goods on YOUR SITE with a discount or REGULAR PRICE.

RESPONSE TO REQUEST NO. 30:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents concerning the financial result, benefit, and/or consequence of advertised discounts for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 31:

All DOCUMENTS and DATA that report, describe, summarize, analyze, discuss or comment on the pricing of other retailers.

RESPONSE TO REQUEST NO. 31:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that report, describe, summarize, analyze, discuss, or comment on the pricing of GNC competitors for each of the three products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.


REQUEST NO. 32:

All DOCUMENTS and DATA that establish the retail price of similar competitor products.

RESPONSE TO REQUEST NO. 32:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that concern the price at which competitors sold each product purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.


REQUEST NO. 33:

All DOCUMENTS and DATA comparing the REGULAR PRICE of ONLINE PRODUCTS to the retail price of similar competitor products.

RESPONSE TO REQUEST NO. 33:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks

for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that concern the price at which competitors sold each product purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 34:

All DOCUMENTS and DATA comparing the SALE PRICE of ONLINE PRODUCTS to the corresponding retail price of similar competitor products.

RESPONSE TO REQUEST NO. 34:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for pricing documentation for products beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the

lawsuit. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that concern the price at which competitors sold each product purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 35:

All DOCUMENTS and DATA REGARDING the design, development, modification, and engineering of YOUR SITE RELATED to the display of PRICE, MEMBERSHIP PRICE, SALE PRICE, and REGULAR PRICE, including but not limited to font, color, and the presence or absence of strike-through.

RESPONSE TO REQUEST NO. 35:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies and procedures for displaying the PRICE or SALE PRICE of online products to the extent GNC relied on those documents to display the PRICE or SALE PRICE of online products from April 2012 to April 2016 and if GNC's continued investigation determines any such documents exist.

REQUEST NO. 36:

All DOCUMENTS and DATA pertaining to the cost of manufacturing ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 36:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs do not (and cannot) make any allegations regarding GNC manufactured products.  Many products sold on GNC.com are not GNC manufactured products. This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

GNC will not produce documents in response to this Request.

REQUEST NO. 37:

All contracts with suppliers and manufacturers of all ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 37:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because seeks information not related to the allegations of the Amended Complaint.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll contracts" for "all ONLINE PRODUCTS" without limitation as to products, suppliers, manufacturers or time period.

GNC will not produce documents in response to this Request.

REQUEST NO. 38:

Exemplar copies of marketing materials and advertisements used by YOU or by any THIRD PARTY on YOUR behalf PERTAINING to the ONLINE PRODUCTS. This request includes marketing materials and advertisements both disseminated and not disseminated to the public, in addition to drafts of such marketing materials and advertisements.

RESPONSE TO REQUEST NO. 38:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  This Request is also overbroad and unduly burdensome because it seeks exemplars without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute representative GNC marketing materials and advertisements disseminated to the public for each product purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 39:

All DOCUMENTS and DATA RELATING to complaints, questions, or grievances received by YOU RELATING to any discount offered on ONLINE PRODUCTS, including but not limited to legal complaints, complaints to customer services and regulatory agencies, and YOUR responses to such complaints.

RESPONSE TO REQUEST NO. 39:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 5 [third party privacy rights], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. GNC also objects that this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period. GNC further objects to this Request to the extent it calls for GNC to produce personally identifiable information. GNC is not obligated to produce names and other identifying information of customers who made complaints about discount pricing, when no class has been certified.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute customer complaints, questions, or grievances as well as GNC responses for each of the three products purchased by Plaintiffs (as

33

alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 40:

All DOCUMENTS and DATA reflecting revenues from the sale of ONLINE PRODUCTS.

RESPONSE TO REQUEST NO. 40:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.  GNC also objects that this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents sufficient to show its revenues for each product purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 41:

All DOCUMENTS and DATA comparing the profitability of ONLINE PRODUCTS to IN-STORE PRODUCTS, including but not limited to sales projections and cost analyses.

RESPONSE TO REQUEST NO. 41:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7[supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs ( as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit. GNC also objects that this Request is overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" without limitation as to products or time period. GNC further objects that this Request has no bearing on the allegations of the Amended Complaint.

GNC will not produce documents in response to this Request.


REQUEST NO. 42:

All DOCUMENTS and DATA sufficient to identify all hardware and/or software configurations on each of YOUR COMPUTER(S) that contain DATA REFERRING or RELATING to:

(a)     YOUR REGULAR PRICES or discounted pricing;

(b)     Address or other contact information YOUR CUSTOMERS;

(c)     YOUR websites, forums, and other social networks;

(d)     YOUR electronic communications with its CUSTOMERS.

RESPONSE TO REQUEST NO. 42:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding GNC systems that is not relevant to Plaintiffs' allegations in the Amended Complaint.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" and without limitation as to products, time period, or subject matter of content or communications.

GNC will not produce documents in response to this Request.

REQUEST NO. 43:

All DOCUMENTS and DATA that REFER or RELATE to all "data models" of each database(s) that contain contact information for CUSTOMERS who purchased goods from YOUR SITE.

RESPONSE TO REQUEST NO. 43:

GNC objects to this Request under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding GNC systems that is not relevant to Plaintiffs' allegations in the Amended Complaint.  This Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA" and without limitation as to products or time period.

36

GNC will not produce documents in response to this Request.

REQUEST NO. 44:

All DOCUMENTS and DATA that REFER or RELATE to any policies, terms or conditions, including YOUR "Policy & Agreement(s)," which YOU assert governs any transaction with YOUR CUSTOMERS when purchasing goods from YOUR SITE during the relevant time period.

RESPONSE TO REQUEST NO. 44:

GNC objects to this Request under General Objections 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Request is also overbroad and unduly burdensome because it seeks "[a]ll DOCUMENTS and DATA that REFER or RELATE" to any policies or terms and conditions rather than asking for just the policies or terms and conditions themselves.

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents that constitute policies or terms and conditions that govern customer purchases online from April 2012 to April 2016, if any such documents exist.

REQUEST NO. 45:

All DOCUMENTS and DATA that REFER or RELATE to Plaintiffs Jenna Kaskorkis or Kim Carter.

RESPONSE TO REQUEST NO. 45:

GNC objects to this Request under General 3 [undue complexity], 4 [privilege], and 7 [supplementation].

Without waiving the foregoing objections, GNC will produce responsive, non-privileged documents it has concerning Plaintiff Jenna Kaskorkis and transaction(s)

she made on the GNC.com website.  Due to a lack of information, GNC cannot locate records regarding Plaintiff Kim Carter.

DATED: September 26, 2016           DAVIS WRIGHT TREMAINE LLP
                                    JAMES D. NGUYEN
                                    SEAN M. SULLIVAN
                                    ZANA BUGAIGHIS


                                    By:/s/ Zana Bugaighis
                                          JAMES D. NGUYEN
                                          SEAN M. SULLIVAN
                                          ZANA BUGAIGHIS

                                    Attorneys for Defendants
                                    General Nutrition Centers, Inc. and
                                    GNC Holdings, Inc. (erroneously
                                    named as General Holdings, Inc.)

GNC OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION

## PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of King, State of Washington.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101.

On September 26, 2016, I served the foregoing document(s) described as:

**DEFENDANT GENERAL NUTRITION CENTERS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

By forwarding a **true copy** of said document(s) for each addressee named below, to their respective electronic mail addresses:

Nick Suciu III                                   nicksuciu@bmslawyers.com
BARBAT, MANSOUR & SUCIU PLLC
434 West Alexandrine Street
Suite 101
Detroit, MI 48201

Tina Wolfson                                    twolfson@ahdootwolfson.com
Robert R. Ahdoot                               rahdoot@ahdootwolfson.com
Theodore W. Maya                              tmaya@ahdootwolfson.com
Vanessa T. Shakib                              vshakib@ahdootwolfson.com
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA  90069

Trenton R. Kashima                            trk@classactionlaw.com
FINKELSTEIN & KRINSK LLP
550 West C Street, Suite 1760
San Diego, CA  92101

Executed on September 26, 2016, at Seattle, Washington.

☑   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          */s/Anita A. Miller*
Anita A. Miller                              Signature