# EXHIBIT D

JAMES D. NGUYEN (State Bar No. 179370)
    jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ZANA BUGAIGHIS (State Bar. No. 257926)
    zanabugaighis@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700

Attorneys for Defendants
GENERAL NUTRITION CENTERS, INC. and
GNC HOLDINGS, INC. (erroneously named as
GENERAL HOLDINGS, INC.)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA KASKORKIS and KIM CARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, GENERAL HOLDINGS, INC., a Delaware Corporation, and DOES 1-10,<br><br>Defendants. | Case No. **3:16-cv-00990-WQH-JLB**<br><br>JUDGE: HON. WILLIAM Q. HAYES<br>CASE FILED: APRIL 22, 2016<br><br>DEFENDANT GENERAL NUTRITION CENTERS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES |

PROPOUNDING PARTY: Plaintiffs JENNA KASKORKIS AND KIM CARTER

RESPONDING PARTY:   Defendant GENERAL NURITION CENTERS, INC.

SET NUMBER:            ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, General Nutrition Centers, Inc. ("GNC") responds to Plaintiffs Jenna Kaskorkis and Kim Carter's First Set of Special Interrogatories as follows:

## GENERAL OBJECTIONS

GNC makes the following General Objections to Plaintiffs' Interrogatories. GNC reserves the right to supplement, amend, or qualify these General Objections.

1.  **Relevance and Scope.** GNC objects to Plaintiffs' Interrogatories as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information unrelated to the Plaintiffs' allegations as made in the Amended Complaint.  Plaintiffs make specific allegations only as to three GNC products and Plaintiffs do not (and cannot) make any allegations regarding GNC membership prices or GNC-branded products which are not similarly situated to the branded products Plaintiffs allegedly purchased on sale.  For each unique product, sale prices vary by pricing period and vary further depending on various promotions and coupons available.  A class has yet to be certified, and Plaintiffs are limited to claims only for the products (alleged in the Amended Complaint) which they purchased.

Further, GNC objects to Plaintiffs' Interrogatories to the extent they seek "all" information or request identification of "all" documents with respect to a specified assertion or subject matter or information or documents merely "relating" or "referring" to the same as imposing an undue burden out of proportion to the issues in the lawsuit because (a) these interrogatories encompass information with only a remote or tangential relationship to the subject matter described in the interrogatory, and (b) they fail to designate the information  requested with reasonable particularity, as Federal Rule of Civil Procedure 33 requires. *See Lopez v. Chertoff*, 2009 WL 1575214, *2 (E.D. Cal. 2009) ("The use of the words 'relating to' and 'referring to' are overly broad because defendant does not have reasonable notice of what is called for and what is not.").

1

2.   **Limitations on Discovery**.  This case is an action brought by two individuals, and the Court has not certified a class.  Unless and until the Court certifies this case as a class action (which GNC believes it should not do), the parties should limit discovery to issues relevant to class certification.  *See* Manual for Complex Litigation (Fourth) § 21.14, at 256 (2004) ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.").  GNC therefore objects to Plaintiffs' Interrogatories to the extent they purport to seek information not relevant either to class certification issues or to Plaintiffs' individual claims.

3.   **Undue Complexity**.  GNC objects to Plaintiffs' Definitions, Instructions, and Rules of Construction, which purport to re-define everyday words and impose detailed requirements on the routine process of answering interrogatories.  The Definitions, Instructions, and Rules of Construction appear intended to trap the unwary by imposing nuanced requirements that exceed the requirements for answering interrogatories under the Federal Rules of Civil Procedure.  GNC will answer interrogatories pursuant to the Federal Rules of Civil Procedure and the Local Rules, and objects to Plaintiffs' effort to impose discovery obligations above and beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.  GNC specifically objects to Plaintiffs' definition of "PRICE(S)" which cannot be distinguished from Plaintiffs' definition of "REGULAR PRICE(S)."  GNC will treat these terms as interchangeable.

4.   **Privilege.**  GNC objects to Plaintiffs' Interrogatories to the extent they seek information protected from disclosure by privileges and other protections from production including, without limitation, the attorney-client privilege, the work product doctrine, joint defense or common-interest privilege, or any other constitutional, statutory, common law or regulatory protection, immunity or proscription from disclosure.

GNC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF SPECIAL INTERROGATORIES

5.     **Third Party Privacy Rights.**  GNC objects to Plaintiffs' Interrogatories to the extent they demand information or identification of documents whose disclosure would violate the privacy rights of individuals, confidentiality agreements between GNC and any entity or individual, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of information.

6.     **Proprietary Information and Trade Secrets.**  GNC objects to Plaintiffs' Interrogatories to the extent they seek confidential or proprietary business information, trade secrets or commercially sensitive information.  GNC will produce such information only upon entry of an appropriate protective order pursuant to Federal Rule of Civil Procedure 26(c).

7.     **Supplementation.**  GNC's investigation into the factual background of the matters alleged in this action is ongoing and incomplete.  Accordingly, these responses reflect only GNC's current knowledge.  GNC reserves its right to supplement, amend, or modify its answers as its investigation continues and as discovery proceeds, and to rely on any such information discovered after the time of these answers, at any time up to and including trial.  GNC further reserves its right to correct any answers to any Interrogatories made as a result of mistake or inadvertence, and to assert any applicable objections at any time up to and including trial.  GNC does not undertake, and hereby disclaims, any obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure.  Except as expressly admitted in these answers, no facts should be taken as admitted, implied or inferred.  Further, no inference as to the existence of any responsive information or documents should be made from the assertion of any objection to any Interrogatories.

GNC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF SPECIAL INTERROGATORIES

## OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES

INTERROGATORY NO. 1:

IDENTIFY all PERSONS who have knowledge of the facts or circumstances RELATING to the subject matter of this lawsuit. Such PERSONS should include but not be limited to all PERSONS who have knowledge of facts you will use in opposing a motion for class certification and who have knowledge of the policies, practices, and procedures you employed regarding the SALE PRICE and REGULAR PRICE of ONLINE PRODUCTS.

RESPONSE TO INTERROGATORY NO. 1:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds it will designate one or more representatives with the relevant knowledge.  The identities of other individuals with relevant knowledge will appear on the face of documents to be produced by GNC and will become known through deposition testimony.

INTERROGATORY NO. 2:

For each PERSON identified in response to Special Interrogatory No. 1, describe the facts known to that PERSON and IDENTIFY all DOCUMENTS relating to those facts.

4

RESPONSE TO INTERROGATORY NO. 2:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 3:

Describe with particularity all policies, practices, and procedures YOU used to determine the PRICE, MEMBERSHIP PRICE, SALE PRICE, and REGULAR PRICE for ONLINE PRODUCTS,

RESPONSE TO INTERROGATORY NO. 3:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks

for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 4:

For each policy, practice, and procedure identified in response to Special Interrogatory No. 3, IDENTIFY the dates any policies, practices or procedures were changed and the reason for such changes.

RESPONSE TO INTERROGATORY NO. 4:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

6

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 5:

For each policy, practice, and procedure identified in response to Special Interrogatory No. 3, IDENTIFY all PERSONS with knowledge of the creation, implementation, modification, of such policies, practices, and procedures.

RESPONSE TO INTERROGATORY NO. 5:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that it will designate one or more representatives with relevant knowledge.  The identities of other individuals with relevant knowledge will appear on the face of documents to be produced by GNC and will become known through deposition testimony.

INTERROGATORY NO. 6:

IDENTIFY each PERSON(S) that is involved in establishing or approving the PRICE, MEMBERSHIP PRICE, SALE PRICE, and REGULAR PRICE of ONLINE PRODUCTS.

RESPONSE TO INTERROGATORY NO. 6:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that it will designate one or more representatives with relevant knowledge.  The identities of other individuals with relevant knowledge will appear on the face of documents to be produced by GNC and will become known through deposition testimony.


INTERROGATORY NO. 7:

Describe with particularity all policies, practices and procedures YOU used to determine the PRICE, MEMBERSHIP PRICE, SALE PRICE, and REGULAR PRICE for IN-STORE PRODUCTS.

RESPONSE TO INTERROGATORY NO. 7:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

8

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 8:

For each policy, practice, and procedure identified in response to Special Interrogatory No. 7, IDENTIFY the dates any policies, practices, or procedures were changed and the reason for such changes.

RESPONSE TO INTERROGATORY NO. 8:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of

9

products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 9:

For each policy, practice, and procedure identified in response to Special Interrogatory No. 7, IDENTIFY all PERSONS with knowledge of the creation, implementation, modification, of such policies, practices, and procedures.

RESPONSE TO INTERROGATORY NO. 9:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that it will designate one or more representatives with relevant knowledge.  The identities of other individuals with relevant knowledge will appear on the face of documents to be produced by GNC and will become known through deposition testimony.

10

INTERROGATORY NO. 10:

State the manner in which YOU have defined or otherwise described the term SALE PRICE as used on YOUR SITE.

RESPONSE TO INTERROGATORY NO. 10:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 11:

State the manner in which YOU have defined or otherwise described the term REGULAR PRICE as used on YOUR SITE.

RESPONSE TO INTERROGATORY NO. 11:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

11

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 12:

State YOUR total revenue, by month, from the sale of ONLINE PRODUCTS purchased by CUSTOMERS at SALE PRICES.

RESPONSE TO INTERROGATORY NO. 12:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of

products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate total revenue from the sale of the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 13:

Please provide the total value of the discounts (the difference between YOUR advertised REGULAR PRICE and SALE PRICE) advertised on YOUR SITE for products purchased by YOUR CUSTOMERS during the Relevant Time Period.

RESPONSE TO INTERROGATORY NO. 13:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be). In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation. GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate number of sales and sale prices for the three

GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 14:

State the total number of ONLINE PRODUCTS purchased by YOUR CUSTOMERS that were advertised with a SALE PRICE and a REGULAR PRICE.

RESPONSE TO INTERROGATORY NO. 14:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate number of sales for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 15:

State the average value of the discounts (the difference between YOUR advertised REGULAR PRICE and OFFER PRICE) both as a total dollar amount and a percentage for goods listed and/or sold on YOUR SITE.

14

## RESPONSE TO INTERROGATORY NO. 15:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate number of sales and sale prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

## INTERROGATORY NO. 16:

IDENTIFY each ONLINE PRODUCT advertised with a SALE PRICE and a REGULAR PRICE on YOUR SITE, including:

(a) The name of the product and any product identifier (such as a UPS, sku, or product number;

(b) The PRICE(S) at which the ONLINE PRODUCT was offered for sale, prior to the publication of its REGULAR PRICE and SALE PRICE on YOUR SITE;

(c) The period during which YOU advertised the identified PRICE(S);

(d) The REGULAR PRICE(S) of the ONLINE PRODUCT;

(e) The period during which the identified REGULAR PRICE(S) advertised on YOUR SITE;

15

(f)     The SALE PRICE(S) of the product; and

(g)     The period during which the identified OFFER PRICE(S) was advertised on YOUR SITE;

RESPONSE TO INTERROGATORY NO. 16:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate the product identifier, number of sales, and sale prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 17:

Describe with particularity the process by which YOU ensure the REGULAR PRICE for ONLINE PRODUCTS is one at which the ONLINE PRODUCT was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of business

16

RESPONSE TO INTERROGATORY NO. 17:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 18:

Describe with particularity any efforts, processes, policies, and/or procedures utilized to ensure compliance with any federal and state law or regulations regarding the advertisement of discount prices on YOUR SITE.

RESPONSE TO INTERROGATORY NO. 18:

GNC objects to this Interrogatory under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it asks for information beyond the three GNC products purchased by Plaintiffs (as alleged in

17

the Amended Complaint) and a class has not been certified (and should not be).  In fact, this request appears to request information about potentially all products sold on the GNC.com website, and without any time limitation.  GNC sells hundreds of products online and in-store making discovery requests regarding every product sold out of proportion with the issues in the lawsuit.

Without waiving the foregoing objections, GNC responds that pursuant to Fed. R. Civ. P. 33(d), it will produce non-privileged, responsive documents that contain information sufficient to demonstrate how GNC set prices for the three GNC products purchased by Plaintiffs (as alleged in the Amended Complaint) from April 2012 to April 2016.

INTERROGATORY NO. 19:

Please provide the location and custodian of any computers, servers, or other electronic storage drives/services used to host information on YOUR SITE.

RESPONSE TO INTERROGATORY NO. 19:

GNC objects to this Interrogatory GNC under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding GNC systems that is not relevant to Plaintiffs' allegations in the Amended Complaint.

GNC will not answer this Interrogatory.

INTERROGATORY NO. 20:

Please provide the location and custodian of any achieves, back-ups, or other preserved historical data regarding YOUR SITE.

18

RESPONSE TO INTERROGATORY NO. 20:

GNC objects to this Interrogatory GNC under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding GNC systems that is not relevant to Plaintiffs' allegations in the Amended Complaint.

GNC will not answer this Interrogatory.

INTERROGATORY NO. 21:

Please provide the categories of identifying information collected on YOUR SITE from YOUR CUSTOMERS when purchasing ONLINE PRODUCTS.

RESPONSE TO INTERROGATORY NO. 21:

GNC objects to this Interrogatory under General Objection 7 [supplementation].

Subject to the foregoing objection, GNC responds that for online sales it collects each customer's name, billing and shipping addresses, phone number, Gold Card number, and email address.  GNC does not retain credit card information.

INTERROGATORY NO. 22:

Please explain YOUR efforts to preserve all electronic information regarding the above captioned case.

RESPONSE TO INTERROGATORY NO. 22:

GNC objects to this Interrogatory GNC under General Objections 1 [relevance and scope], 2 [limitations on discovery], 3 [undue complexity], 4 [privilege], 6 [proprietary information and trade secrets], and 7 [supplementation].

19

Furthermore, this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding GNC systems that is not relevant to Plaintiffs' allegations in the Amended Complaint.

Subject to the foregoing objections, GNC answers that it has internally issued and implemented a document/records retention notice (including for electronic records).  GNC will not otherwise answer this Interrogatory.


DATED: September 26, 2016          DAVIS WRIGHT TREMAINE LLP
                                   JAMES D. NGUYEN
                                   SEAN M. SULLIVAN
                                   ZANA BUGAIGHIS



                                   By:/s/ Zana Bugaighis
                                        JAMES D. NGUYEN
                                        SEAN M. SULLIVAN
                                        ZANA BUGAIGHIS

                                   Attorneys for Defendants
                                   General Nutrition Centers, Inc. and
                                   GNC Holdings, Inc. (erroneously
                                   named as General Holdings, Inc.)

GNC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF SPECIAL INTERROGATORIES

## PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of King, State of Washington.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101.

On September 26, 2016, I served the foregoing document(s) described as:

**DEFENDANT GENERAL NUTRITION CENTERS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

By forwarding a **true copy** of said document(s) for each addressee named below, to their respective electronic mail addresses:

Nick Suciu III                                              nicksuciu@bmslawyers.com
BARBAT, MANSOUR & SUCIU PLLC
434 West Alexandrine Street
Suite 101
Detroit, MI 48201

Tina Wolfson                                               twolfson@ahdootwolfson.com
Robert R. Ahdoot                                           rahdoot@ahdootwolfson.com
Theodore W. Maya                                           tmaya@ahdootwolfson.com
Vanessa T. Shakib                                          vshakib@ahdootwolfson.com
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA  90069

Trenton R. Kashima                                         trk@classactionlaw.com
FINKELSTEIN & KRINSK LLP
550 West C Street, Suite 1760
San Diego, CA  92101

Executed on September 26, 2016, at Seattle, Washington.

☑      Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____              _____
Anita A. Miller                                                    */s/Anita A. Miller*
                                                                  Signature

GNC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF SPECIAL INTERROGATORIES