**FINKELSTEIN & KRINSK LLP**
Jeffrey R. Krinsk, Esq. (SBN 109234)
*jrk@classactionlaw.com*
Trenton R. Kashima, Esq. (SBN 291405)
*trk@classactionlaw.com*
550 West C Street, Suite 1760
San Diego, California 92101
Tel: (619) 238-1333; Fax: (619) 238-5425

**AHDOOT & WOLFSON, PC**
Tina Wolfson, Esq. (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot, Esq. (SBN 172098)
rahdoot@ahdootwolfson.com
Ted Maya (SBN 223242)
*tmaya@ahdootwolf.com*
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

**BARBAT, MANSOUR & SUCIU PLLC**
Nick Suciu III, Esq.
*nicksuciu@bmslawyers.com*
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Tel: (313) 303-3472

*Attorneys for Plaintiff*
*and the Putative Classes*

**DAVIS WRIGHT TREMAINE LLP**
James D. Nguyen (SBN 179370)
*jimmynguyen@dwt.com*
Sean M. Sullivan (SBN 229104)
*seansullivan@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800

**DAVIS WRIGHT TREMAINE LLP**
Zana Bugaighis (SBN 257926)
*zanabugaighis@dwt.com*
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel: (206) 622-3150

*Attorneys for General Nutrition*
*Centers, Inc. and GNC Holdings, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA KASKORKIS and KIM CARTER, individually and on behalf of all other similarly situated,<br><br>                  Plaintiffs,<br><br>        v.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, GENERAL HOLDINGS, INC., a Delaware Corporation,<br><br>                  Defendants. | Case No: 3:16-cv-00990-WQH-AGS<br><br>**STATUS REPORT** |

1    Pursuant to the Court's November 16, 2016 Order, counsel for the parties

2    Plaintiffs Jenna Kaskorkis and Kim Carter ("Plaintiffs") jointly with Defendants

3    General Nutrition Centers, Inc. and GNC Holdings Inc. (erroneously named as

4    General Holdings, Inc.) (collectively, "GNC" or "Defendants"), submit the following

5    Joint Status Report.

**I.      PARTIES**

6

7    **A.      Plaintiffs' and Plaintiffs' Counsel**

8    Attorneys for Plaintiffs Jenna Kaskorkis and Kim Carter, and the putative class:

9    **AHDOOT & WOLFSON, PC**
     Robert Ahdoot
10   rahdoot@ahdootwolfson.com
     Tina Wolfson
11   twolfson@ahdootwlfson.com
     Ted Maya
12   tmaya@ahdootwolfson.com
     1016 Palm Avenue
13   West Hollywood, CA 90069
     Tel: (310) 474-9111; Fax: (310) 474-8585
14
     **BARBAT, MANSOUR & SUCIU PLLC**
15   Nick Suciu III
     nicksuciu@bmslawyers.com
16   1644 Bracken Rd.
     Bloomfield Hills, MI 48302
17   Tel: (313) 303-3472

18   **FINKELSTEIN & KRINSK LLP**
     Jeffrey R. Krinsk
19   jrk@classactionlaw.com
     Trenton R. Kashima
20   trk@classactionlaw.com
     550 West C Street, Suite 1760
21   San Diego, California 92101
     Tel: (619) 238-1333; Fax: (619) 238-5425
22
     **B.      Defendants and Defendants' Counsel**
23
24    Attorneys for Defendants General Nutrition Centers, Inc. and GNC Holdings,
     Inc.
25   **DAVIS WRIGHT TREMAINE LLP**
     James D. Nguyen (SBN 179370)
26   *jimmynguyen@dwt.com*
     Sean M. Sullivan (SBN 229104)
27   *seansullivan@dwt.com*

28                              - 1 -

865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800

**DAVIS WRIGHT TREMAINE LLP**
Zana Bugaighis (SBN 257926)
*zanabugaighis@dwt.com*
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel: (206) 622-3150

## II.   NATURE OF THE CASE

### A.   Plaintiffs' Contentions

Plaintiffs' allegations against GNC are relatively simple: during the Class Period, GNC misrepresented the existence, nature, and amount of price discounts for products sold on its website by advertising fabricated former prices.  On GNC.com, Defendants display a product's "Regular Price."  This "Regular Price" is represented to be the purported market or former price of a given product.  Immediately below the "Regular Price" is GNC's "Sale Price," which is lower than the "Regular Price" and displayed in red, bold font.  The different between these two prices is represented as a discount.  But GNC's "Regular Price" representation is a sham.  The "Regular Price" advertised for a given product does not represent a *bona fide* price at which GNC previously ever sold the given product.  They are fictional creations designed to enable GNC's phantom markdowns.  Accordingly, Plaintiffs and members of the putative class are not receiving the discount advertised.

Plaintiffs have alleged that Defendants' pricing practices violate the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, the California False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE §§ 17500, 17501, and the California Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1750, *et seq.*

- 2 -

### B.    Defendants' Contentions

GNC denies the allegation that it misrepresented the existence, nature, and amount of price discounts on products sale by purporting to offer steep discounts off of fabricated, arbitrary, and false former prices.  GNC further denies that it engaged in false or misleading advertising with respect to the prices of products listed for sale on GNC.com.

## III.   CASE MANAGEMENT SCHEDULED DATES

Magistrate Judge Jill L. Burkhardt set the following pretrial deadlines in this case [Dkt. No. 23]:

| Event | Date |
|---|---|
| Plaintiffs to Designate Class Certification Expert in Writing | January 16, 2017 |
| Defendants to Designate Class Certification Expert in Writing | January 23, 2017 |
| Plaintiffs to Designate Class Certification Rebuttal Expert in Writing | January 30, 2017 |
| Plaintiffs to file Class Certification | February 24, 2017 |
| Plaintiffs to Comply with disclosures provisions in Rule 26(a)(2)(B) | February 24, 2017 |
| Defendants' to file Opposition to Class Certification | March 24, 2017 |
| Defendants' must Comply with disclosures provisions in Rule 26(a)(2)(B) | March 24, 2017 |
| Plaintiffs to File Reply to Opposition to Class Certification | April 7, 2017 |
| **THE FOLLOWING SCHEDULE IF CLASS CERTIFICATION IS GRANTED** | |
| Parties to Exchange Expert Disclosures | August 11, 2017 |
| Last day to serve supplemental expert disclosures re: contradictory or rebuttal evidence under FRCP 26(a)(2)(D) | September 1, 2017 |
| Discovery and expert discovery cut-off | September 15, 2017 |
| Submit confidential settlement briefs to Magistrate Burkhardt | September 27, 2017 (Vacated) |
| Mandatory Settlement Conference | October 2, 2017 |

- 3 -

| | |
|---|---|
| | (Vacated) |
| Pretrial Motions cut-off | October 6, 2017 |
| Pre-Trial disclosure requirements | January 12, 2018 |
| Last day to meet re: Local Rule 16.1(f)(4) | January 19, 2018 |
| Plaintiff counsel responsible for preparing pretrial order and arranging meetings of counsel per Civil Local Rule 16.1(f) | January 26, 2018 |
| Proposed Final Pretrial Conference Order documents lodged with the Court | February 2, 2018 |
| Pretrial Conference | February 9, 2018 @ 11:00 a.m. |
| **THE FOLLOWING SCHEDULE IF CLASS CERTIFICATION IS DENIED** | |
| Parties to Exchange Expert Disclosures | June 23, 2017 |
| Last day to serve supplemental expert disclosures re: contradictory or rebuttal evidence under FRCP 26(a)(2)(D) | July 14, 2017 |
| Discovery and Expert Discovery cut-off | July 28, 2017 |
| Submit confidential settlement briefs to Magistrate Burkhardt | August 2, 2017 (Vacated) |
| Mandatory Settlement Conference before Magistrate Burkhardt | August 9, 2017 (Vacated) |
| All pretrial motions due | August 18, 2017 |
| Pre-Trial disclosure requirements | November 10, 2017 |
| Last day to meet re: Local Rule 16.1(f)(4) | November 17, 2017 |
| Plaintiff counsel responsible for preparing pretrial order and arranging meetings of counsel per Civil Local Rule 16.1(f) | December 1, 2017 |
| Proposed Final Pretrial Conference Order documents lodged with the Court | December 8, 2017 |
| Pretrial Conference | December 15, 2017 @ 11:00 a.m. |

## IV.    STATUS OF SCHEDULED DATES

Given the pending Motion to Compel Further Responses to their First Set of Production of Documents and First Set of Special Interrogatories [Dkt. No. 33] to be heard January 25, 2017 [Dkt. No. 35], Plaintiffs propose extending all pending pretrial deadlines for two months.  Defendants are considering the below proposal:

- 4 -

| Event | Date |
|---|---|
| Plaintiffs to Designate Class Certification Expert in Writing | March 24, 2017 |
| Defendants to Designate Class Certification Expert in Writing | March 31, 2017 |
| Plaintiffs to Designate Class Certification Rebuttal Expert in Writing | April 7, 2017 |
| Plaintiffs to file Class Certification | April 28, 2017 |
| Plaintiffs to Comply with disclosures provisions in Rule 26(a)(2)(B) | April 28, 2017 |
| Defendants' to file Opposition to Class Certification | May 26, 2017 |
| Defendants' must Comply with disclosures provisions in Rule 26(a)(2)(B) | May 26, 2017 |
| Plaintiffs to File Reply to Opposition to Class Certification | June 9, 2017 |

Additional pretrial deadlines can be determined after the Court's decision on class certification.

## V.   DISCOVERY STATUS

The parties have begun discovery.  Plaintiffs served their First Set of Requests for Production of Documents and Special Interrogatories to General Nutrition Centers, Inc. on August 26, 2016.  Plaintiffs served their Notice of Rule 30(b)(6) Deposition on December 27, 2016.   Defendants have not served Plaintiffs with any discovery requests.

Due to the subject matter of the dispute, Plaintiffs believe it is likely that this case will involve discovery of a large amount of Electronically Stored Information ("ESI").   Plaintiffs have retained ESI consultants to aid the discovery process. Plaintiffs have repeatedly offered to make its ESI consultants available to outline procedures for limiting the burdens associated with ESI discovery.

Defendants disagree ESI consultants are necessary and disagree with Plaintiffs' assessment that this case will involve discovery of a large amount of ESI.  This issue is one of the issues currently subject to Plaintiffs' pending motion to compel, which

Plaintiffs filed despite Defendants offer to provide a sampling procedure to demonstrate that the vast discovery sought by Plaintiffs was improper.

## VI.   DISCOVERY DISPUTES

A dispute arose over Plaintiffs' First Set of Requests for Production of Documents and Special Interrogatories:

### A.   Plaintiffs' Contentions

The transactions at issue were conducted on Defendants' website, GNC.com. Most online retailers use e-commerce systems that are capable recording immense amount of information, including historical pricing, transactional information, and the identity of customers.  When this information is recorded in an electronic database (such as SQL Server or Oracle, both likely used at GNC), it can be extracted and queried in an efficient and accurate manner.  For example, a query can determine when price changes occurred for each product on Defendants' website (and, accordingly, when the product was last offered at its "regular" price).  Undoubtedly, this information is highly relevant to class certification, as well as the merits of the action.

Defendants have done everything to prevent access to this highly relevant information that resides in its database.  Defendants' actions seem to be a calculated attempt to prevent Plaintiffs from getting access to Defendants' computers systems, which would likely provide the evidence on which Plaintiffs could establish the commonality of liability and damages issues.  This is borne out in Defendants' response to Plaintiffs' First Set of Requests for Production of Documents and Special Interrogatories.

Plaintiffs served their First Set of Requests for Production of Documents and Special Interrogatories on August 26, 2016.  The Requests and Interrogatories sought information regarding product identification numbers (SKUs), pricing (member, regular, and sale pricing), pricing data showing differences between online and in-

- 6 -

store products, pricing policies or manuals, proposed pricing changes, identification of customers and their purchases, and Defendants' computer systems.   These initial discovery requests were part of a more detailed discovery plan that is vital if Plaintiffs are to move for class certification in a timely manner.

Defendants responded to Plaintiffs' initial discovery requests on September 26, 2016 with either general objections or nonresponsive replies.   For example, regardless of the question posed, Defendants generally responded to Plaintiffs' Special Interrogatories  by stating that it "will designate one or more representatives with the relevant knowledge," "will produce non-privileged, responsive documents that contain information sufficient to demonstrate [how GNC set prices for/number of sales and sale prices for/total revenue from the sale of] the three GNC products purchased by Plaintiffs," or by simply refusing to answer the Interrogatory.   Additionally, when responsive documents were to be produced pursuant to either of Plaintiffs' pending Document Requests or Interrogatories, Defendants failed to actually deliver such documents or even provide a date by which such documents would be available. These answers were seemingly nothing more than a ploy to delay: either objecting to requests or stating that responsive information would be produced by an undisclosed future date.

After extensive meet and confer efforts, Defendants agreed to amend their responses to Plaintiffs initial discovery requests to address the identified deficiencies, including providing "Plaintiffs with the bates range for documents responsive to each interrogatory" and providing a privilege log for any objections on the basis of "Privilege" and "Third Party Privacy Rights."   Defendants also stated that "GNC anticipate[d] making a production of documents the week of October 24th."   Yet, Defendants failed to provide their amended responses within the 30-day deadline for the parties to resolve their discovery disputes under Judge Burkhardt's Chamber

1    Rules.  This triggered a requirement for the parties to contact Judge Burkhardt directly
2    regarding their dispute.

3         It was only when the parties held a telephonic Discovery Conference with
4    Judge Burkhardt on November 1, 2016 that Defendants' counsel, Zana Bugaighis,
5    first proposed conditioning discovery on some undefined sampling procedure that had
6    not yet been approved by Defendants themselves.  Since this Conference, Defendants'
7    counsel have demanded that Plaintiffs acquiesce to Defendants' sampling procedure
8    before the vast majority of the most vital discovery can move forward, but have not
9    provided Plaintiffs with any concrete proposed procedure.   Thus, discovery has
10   slowed to a trickle.  In the three months following Plaintiffs' issuance of their First Set
11   of Requests for Production of Documents and Special Interrogatories, Plaintiffs have
12   only received a few dozen responsive documents.  Accordingly, Plaintiffs moved to
13   compel on December 9, 2016.  Plaintiffs' position is more fully set out in their Motion
14   to Compel Further Responses to their First Set of Production of Documents and First
15   Set of Special Interrogatories.  [Dkt. No. 33].

16        **B.    Defendants' Contentions**

17        GNC believes any argument regarding the merits of Plaintiffs' pending motion
18   should be confined to the parties' briefing and any additional statements stricken.  Due
19   to Plaintiffs' above statement, GNC notes the following:

20        Plaintiffs assert they are entitled to discovery regarding all GNC products
21   without laying a factual basis for such discovery in their Complaint.   Instead,
22   Plaintiffs wish to conduct a fishing expedition into all GNC products and pricing.
23   Judge Burkhardt indicated she felt such a broad definition of relevant products and
24   pricing was improper (specifically Plaintiffs had no basis to inquire regarding
25   membership pricing) and supported GNC's proposal of a sampling procedure to
26   demonstrate to Plaintiffs that GNC's products are not similarly situated and there is no
27   basis for discovery outside the products Plaintiffs purchased.   However, despite
28

- 8 -

professing willingness to confer with GNC, Plaintiffs failed to confer after receiving GNC's amended discovery responses (despite Judge Burkhardt providing them a week to do so) and instead moved to compel.  Plaintiffs also unequivically informed GNC that they were not interested in a sampling procedure and instead believed they were entitled to discovery regarding each of GNC's thousands of products.  GNC's position will be detailed further in its opposition to Plaintiffs' Motion to Compel.

To date, GNC has produced four years of sales data for both products purchased by Plaintiffs and pricing calendars for the same products and time-period.  GNC has also produced all documents related to Plaintiffs and other documents related to GNC pricing.  GNC continues to review documents for production remains willing to work with Plaintiffs on a sampling procedure for products outside those purchased by Plaintiffs.

## VII.   DISCOVERY MOTIONS AND/OR DIPOSITIVE MOTIONS

### A.   Pending Motions

Plaintiffs filed their Motion to Compel Further Responses to their First Set of Production of Documents and First Set of Special Interrogatories on December 9, 2016.  [Dkt. No. 33].  Plaintiffs' motion will be heard by Judge Schopler on January 25, 2017, at 9:00 a.m.  [Dkt. No. 35].

### B.   Anticipated Pretrial Motions

Plaintiffs intend to file a motion for class certification.  Plaintiffs and/or Defendants also anticipate filing motion(s) for summary judgment and/or summary adjudication, if necessary.

The full extent of discovery and related motion practice, if any, is presently unknown.  To facilitate discovery, the parties hope to engage in the negotiated resolution of such issues before any discovery dispute arises.  Only if the parties are unable to resolve such disputes will the matter be presented to the Court.

**VIII.** <u>**OTHER RELATED CASES**</u>

*Gennock, et al. v. GNC*, No. 2:16-cv-633 (W.D. Pa.).[1]

**IX.** <u>**SETTLEMENT DISCUSSIONS**</u>

On August 23, 2016, the parties held an Early Neutral Evaluation conference before Magistrate Judge Jill L. Burkhardt.  The parties agreed that settlement discussions were premature, but were willing discussing the possibility of resolution. Judge Burkhardt suggested that the parties engage in expedited early discovery regarding key issues to facilitate settlement discussions.

The parties are still conducting discovery, and thus believe settlement discussions would still likely be premature.  However, private mediation may present the best mechanism to resolve this litigation.

**X.** <u>**SETTLEMENT CONFERENCE**</u>

The parties participated in an Early Neutral Evaluation conference before Magistrate Judge Jill L. Burkhardt on August 23, 2016.  Additionally, a settlement conference is scheduled shortly before trial.  The parties will contact the court if further settlement conferences are warranted.

**XI.** <u>**SIGNIFICANT RULINGS**</u>

No rulings have been issued in this case.

**XII.** <u>**ADDITIONAL INFORMATION**</u>

None at this time.

*///*

*///*

*///*

*///*

---

[1] This filing is the first time Plaintiffs were noticed regarding the pendency of a related case (the *Gennock* action was not disclosed in the 26(f) Report [Dkt. No. 15]). Accordingly, it is Plaintiffs' position that Defendants failed to comply with CivLR 40.1(f).

Respectfully submitted,

**FINKELSTEIN & KRINSK LLP**

Dated: December 29, 2016
By: _/s/ Trenton R. Kashima_
    Jeffrey R. Krinsk, Esq.
    _jrk@classactionlaw.com_
    Trenton R. Kashima, Esq.
    _trk@classactionlaw.com_
    550 West C Street, Suite 1760
    San Diego, California 92101
    Tel: (619) 238-1333; Fax: (619) 238-5425

**AHDOOT & WOLFSON, PC**

Dated: December 29, 2016
By: _/s/ Tina Wolfson_
    Robert Ahdoot
    _rahdoot@ahdootwolfson.com_
    Tina Wolfson
    _twolfson@ahdootwlfson.com_
    Ted Maya
    _tmaya@ahdootwolfson.com_
    1016 Palm Avenue
    West Hollywood, CA 90069
    Tel: (310) 474-9111; Fax: (310) 474-8585

    Nick Suciu III (_Pro Hac Vice_
    Application Forthcoming)
    _nicksuciu@bmslawyers.com_
    **BARBAT, MANSOUR & SUCIU PLLC**
    434 West Alexandrine #101
    Detroit, MI 48201
    Tel: (313) 303-3472

    _Attorneys for Plaintiffs_
    _and the Putative Classes_

- 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DAVIS WRIGHT TREMAINE, LLP**

Dated: December 29, 2016        By: _/s/ Sean M. Sullivan_____

James D. Nguyen
*jimmynguyen@dwt.com*
Sean M. Sullivan
*seansullivan@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800; Fax: (213) 633-6899

*Attorneys for Defendants*

- 12 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Sean M. Sullivan, counsel for Defendants, and that I have obtained Mr. Sullivan's authorization to affix her electronic signature to this document.

/s/ Trenton R. Kashima
Trenton R. Kashima, Esq.

- 13 -