JAMES D. NGUYEN (State Bar No. 179370)
    jimmynguyen@dwt.com
SEAN M. SULLIVAN (State Bar No. 229104)
    seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ZANA BUGAIGHIS (State Bar. No. 257926)
    zanabugaighis@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700

Attorneys for Defendants
GENERAL NUTRITION CENTERS, INC. and
GNC HOLDINGS, INC. (erroneously named as
GENERAL HOLDINGS, INC.)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA KASKORKIS and KIM CARTER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, GENERAL HOLDINGS, INC., a Delaware Corporation, and DOES 1-10,<br><br>                    Defendants. | Case No. 3:16-cv-00990-WQH-JLB<br><br>JUDGE: HON. WILLIAM Q. HAYES<br>CASE FILED: APRIL 22, 2016<br><br>DECLARATION OF ZANA BUGAIGHIS IN SUPPORT OF DEFENDANT GENERAL NUTRITION CENTERS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL |

I, Zana Bugaighis, declare as follows:

1.     I am an attorney with the law firm of Davis Wright Tremaine LLP, attorneys for Defendants General Nutrition Centers, Inc. and GNC Holdings, Inc. (collectively, "GNC").  I have personal knowledge of the matters set forth herein.  If called upon, I could and would testify competently to the facts herein based upon my personal involvement in the case.  I submit this declaration in support of Defendant GNC's Opposition to Plaintiffs' Motion to Compel.

2.     On August 26, 2016, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Special Interrogatories to GNC.

3.     On September 26, 2016, GNC served Objections and Responses.  GNC objected to Plaintiffs' broad discovery requests into all GNC products because discovery beyond the three products purchased by Plaintiffs was not reasonably calculated to lead to the discovery of admissible evidence.

4.     Counsel for both parties subsequently met and conferred telephonically and exchanged letters regarding the scope of discovery.  Plaintiffs explained that Request 26 alone required the production of screenshots and/or logs regarding every time the pricing display for any GNC product changed online.

5.     On November 1, 2016, counsel for both parties had a discovery conference call with Judge Burkhardt regarding Plaintiffs' discovery concerns.  Counsel presented their respective positions regarding the scope of appropriate discovery and specifically argued regarding Plaintiffs' requests into GNC's membership pricing.  I explained Plaintiffs' discovery requests were grossly overbroad and that products outside those purchased by Plaintiffs were not a proper source of discovery.  Judge Burkhardt reserved ruling on any dispute but indicated that she agreed that at least membership pricing was not within the proper scope of discovery.  I stated GNC would serve amended discovery responses on November 10, 2016 and that GNC was working on a sampling proposal in order to avoid a prolonged discovery dispute.  I noted I was still awaiting final approval, but believed

1

GNC would propose each party would pick three products from each of GNC's nine divisions. I explained that GNC believed this sampling would demonstrate to Plaintiffs why discovery into GNC products besides those purchased by Plaintiffs was improper. Judge Burkhardt approved of a sampling procedure and encouraged the parties to confer regarding a procedure that was workable for both parties. Judge Burkhardt gave the parties until November 21st to confer, thereby providing the parties over a week after Plaintiffs received GNC's amended responses to confer further. Judge Burkhardt encouraged the parties to attempt to work through issues without the Court's involvement.

6.   Immediately following the conference with Judge Burkhardt, the parties met and conferred regarding a sampling procedure. Plaintiffs appeared receptive but were concerned with choosing products off of the GNC website. Instead, Plaintiffs requested a list of all GNC products sold online to facilitate their determination of what products they would want to request for a sampling procedure. I agreed to consult with GNC regarding the availability of a product list. I explained that I would need final approval from GNC on any sampling procedure but I was interested in hearing from Plaintiffs regarding what type of procedure they envisioned. Plaintiffs claimed they would need to negotiate regarding the number of products in order to obtain a statistically significant sample. I explained that the purpose of the sampling proposal was to demonstrate why discovery was inappropriate, not to provide a statistically significant sample for the purposes of class certification. I stated GNC had no interest in providing Plaintiffs with copious amounts of GNC data to aid in their attempt to fish for factual information.

7.   On November 10, 2016, GNC served amended discovery responses. In response to requests where GNC had previously agreed to produce documents relating only to the three products purchased by Plaintiffs, GNC now agreed to produce documents regarding all products included in the parties' to be agreed upon sampling procedure. GNC also agreed to produce documents regarding its computer

2

systems and general policy documents.  GNC was unable to provide an estimate regarding the timing of production until a sampling procedure was agreed upon. GNC's interrogatory responses referenced that GNC would supplement to provide responsive bates ranges because GNC was waiting for approval of the parties' stipulated protective order before making a production of documents.  GNC made a production of documents the next day.

8.     In furtherance of a sampling procedure, I continued to attempt to locate a product list to assist Plaintiffs in product selection.  Ultimately, GNC had to create two lists for Plaintiffs' review.  I also obtained approval from GNC to negotiate a sampling procedure with Plaintiffs.

9.     Plaintiffs did not respond regarding a counterproposal to GNC's sampling procedure.

10.     I have attempted to include Mr. Kashima on all case correspondence.  In both of the instances where Mr. Kashima was not included on my emails to Plaintiffs' counsel, I had replied to emails sent by Mr. Kashima's assistant, who failed to include Mr. Kashima.  Regardless, five other Plaintiffs' attorneys and Mr. Kashima's assistant were included on all communications.  Attached as **Exhibits A & B** are true and correct copies of those emails.

11.     On Friday, November 18, 2016, Plaintiffs sent a letter claiming GNC's responses were deficient and they would move to compel.  Plaintiffs' letter abandoned any pretense of engaging in meaningful meet and confer discussions and underscored Plaintiffs' fishing attempts.

12.     On Saturday, November 19, 2016, I responded to Plaintiffs letter.  I expressed surprise at Plaintiffs' sudden unwillingness to confer on discovery issues. I also corrected Plaintiffs' assertion that GNC had not provided a proposed sampling methodology and indicated its willingness to continue discussions.  Finally, I expressed that any action with the Court was premature as the parties had yet to confer again as required by Judge Burkhardt.

3

13.     Plaintiffs pressed for a discovery conference regardless.  On November 21, 2016, counsel for both parties outlined their discovery positions to this Court. The Court indicated it would like the parties meet and confer in an attempt to resolve their issues.  However, less than an hour later, Plaintiffs requested a phone call and informed me that they were not willing to negotiate with GNC regarding sampling, were entitled to discovery regarding all GNC products, and would be filing a motion to compel.  I expressed regret at Plaintiffs' unwillingness to continue the meet and confer process and sent a follow up email to Plaintiffs stating that GNC remained "ready and willing to continue discussions regarding an appropriate sampling methodology."  Attached as **Exhibit C** is a true and correct copy of that email.

14.     Although I have repeatedly informed Plaintiffs' counsel of the fact that GNC has no record of Ms. Carter's purchases, Plaintiffs' counsel has failed to provide any information that would aid in identifying Ms. Carter's transaction history.

15.     GNC is preparing to serve supplemental responses to its Amended Objections and Responses to Plaintiffs' First Set of Special Interrogatories to provide further information regarding its computer systems and bates ranges for responsive documents.

16.     Mr. Kashima claims GNC produced a mere eight responsive documents. Yet one of these spreadsheets is four years of sales data (both in-store and online) for the three products Plaintiffs' purchased.  GNC_Kaskorkis_000003.  Others include pricing data for the three products over the same four year period, GNC_Kaskorkis_000009-32, and the product lists Mr. Kashima claims GNC never produced, GNC_Kaskorkis_000007-8.  Thus, directly contrary to what Mr. Kashima represents, GNC proposed a sampling procedure, produced lists of products from which Plaintiffs could select a sample, and were ready and willing to confer further at any time.

4

17. GNC continues to collect and produce documents. GNC is also ready and willing to continue to discuss a sampling procedure with Plaintiffs at any time.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 11, 2017, at Seattle, Washington.

By: _____*s/Zana Bugaighis*_____
Zana Bugaighis

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the Court's CM/ECF system on January 11, 2017.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this certificate was executed at Seattle, Washington on January 11, 2017.

_____
                                    */s/ Anita A. Miller*
                                    Anita A. Miller

6

# Exhibit A

| | |
|---|---|
| **From:** | Bugaighis, Zana |
| **Sent:** | Monday, September 26, 2016 6:58 PM |
| **To:** | Rebecka Garcia; Nguyen, Jimmy |
| **Cc:** | Robert Ahdoot; Vanessa Shakib; Nick Suciu; Sullivan, Sean; tmaya@ahdootwolfson.com; Miller, Anita |
| **Subject:** | RE: Kaskorkis v. GNC, et al. |
| **Attachments:** | GNC's Responses to RFP.PDF; GNC's Objection and Response to Plaintiffs' 1st Set of Special Rogs.pdf |

Mr. Kashima,

Please find attached GNC's Objections and Responses to Plaintiffs' First Set of RFPs and ROGs.  We believe these responses are not due until Thursday as we get three extra days for mailing, but we are willing to serve our responses early as indicated in your letter.  We will respond to your letter separately.

Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Rebecka Garcia [mailto:rag@classactionlaw.com]
**Sent:** Friday, September 23, 2016 5:18 PM
**To:** Nguyen, Jimmy
**Cc:** Robert Ahdoot; Vanessa Shakib; Nick Suciu; Sullivan, Sean; tmaya@ahdootwolfson.com; Bugaighis, Zana
**Subject:** Kaskorkis v. GNC, et al.

Mr. Nguyen,

Please find attached correspondence from Mr. Kashima dated September 23, 2016.

*Rebecka Garcia*
Legal Assistant
Finkelstein & Krinsk LLP
550 W. C Street, Suite 1760
San Diego, CA 92101
Tel: (619) 238-1333

PLEASE NOTE OUR NEW ADDRESS

# Exhibit B

| | |
|---|---|
| **From:** | Bugaighis, Zana |
| **Sent:** | Saturday, November 19, 2016 9:21 PM |
| **To:** | Rebecka Garcia; Nguyen, Jimmy |
| **Cc:** | Nick Suciu; Robert Ahdoot; Sullivan, Sean; Ted Maya; Tina Wolfson; Vanessa Shakib; Miller, Anita |
| **Subject:** | RE: Kaskorkis v. GNC-Plaintiffs' First Set of RFP and Sroggs |
| **Attachments:** | Second Discovery Letter to Mr. Kashima.pdf |

Please see the attached correspondence.

**Zana Bugaighis** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Rebecka Garcia [mailto:rag@classactionlaw.com]
**Sent:** Friday, November 18, 2016 9:41 AM
**To:** Bugaighis, Zana ; Nguyen, Jimmy
**Cc:** Nick Suciu; Robert Ahdoot; Sullivan, Sean; Ted Maya; Tina Wolfson; Vanessa Shakib
**Subject:** Kaskorkis v. GNC-Plaintiffs' First Set of RFP and Sroggs

Dear Counsel,

Please find attached correspondence from Mr. Kashima date November 18, 2016.

*Rebecka García*
Legal Assistant
Finkelstein & Krinsk LLP
550 W. C Street, Suite 1760
San Diego, CA 92101
Tel: (619) 238-1333

PLEASE NOTE OUR NEW ADDRESS

Exhibit C

**From:** Bugaighis, Zana
**Sent:** Monday, November 21, 2016 11:43 AM
**To:** Vanessa Shakib; Trent Kashima; Nguyen, Jimmy; Sullivan, Sean; Nick Suciu III; Robert Ahdoot
**Cc:** Keegan, Dee; Rebecka Garcia
**Subject:** RE: Kaskorkis v. GNC

Vanessa,

Pursuant to our call, GNC understands Plaintiffs are no longer willing to negotiate with GNC regarding sampling.  GNC remains ready and willing to continue discussions regarding an appropriate sampling methodology.

Regarding your request for multiple 30(b)(6) witnesses, please issue your 30(b)(6) notice and we will designate the appropriate GNC personnel.

Thanks,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Vanessa Shakib [mailto:vshakib@ahdootwolfson.com]
**Sent:** Monday, November 21, 2016 11:20 AM
**To:** Trent Kashima; Bugaighis, Zana; Nguyen, Jimmy; Sullivan, Sean; Nick Suciu III; Robert Ahdoot
**Cc:** Keegan, Dee; Rebecka Garcia
**Subject:** Re: Kaskorkis v. GNC

Zana,

Are you available today for a brief follow-up call?  If so, let me know when I can reach you.

Best,
Vanessa Shakib

AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel (310) 474-9111
Fax (310) 474-8585

**From:** Trent Kashima <trk@classactionlaw.com>
**Date:** Monday, November 21, 2016 at 10:24 AM
**To:** "Bugaighis, Zana" <ZanaBugaighis@dwt.com>, "Nguyen, Jimmy" <JimmyNguyen@dwt.com>, "Sullivan, Sean" <SeanSullivan@dwt.com>, Nick Suciu III <nicksuciu@bmslawyers.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Vanessa Shakib <vshakib@ahdootwolfson.com>
**Cc:** "Keegan, Dee" <DeeKeegan@dwt.com>, Rebecka Garcia <rag@classactionlaw.com>
**Subject:** RE: Kaskorkis v. GNC

Counsel:

We will only be asking the Court for information regarding filing Plaintiffs' Motion to compel.  However if you would like to be on the call, the call in number is: 1-800-314-2582 and the Passcode: 374734.

Regards,

Trent

---

**From:** Bugaighis, Zana [mailto:ZanaBugaighis@dwt.com]
**Sent:** Monday, November 21, 2016 10:22 AM
**To:** Trent Kashima <trk@classactionlaw.com>; Nguyen, Jimmy <JimmyNguyen@dwt.com>; Sullivan, Sean <SeanSullivan@dwt.com>; Nick Suciu III <nicksuciu@bmslawyers.com>; Robert Ahdoot <rahdoot@ahdootwolfson.com>; Vanessa Shakib <vshakib@ahdootwolfson.com>
**Cc:** Keegan, Dee <DeeKeegan@dwt.com>; Rebecka Garcia <rag@classactionlaw.com>
**Subject:** RE: Kaskorkis v. GNC

Trent,

The Court requires joint calls.  Ex parte communications are not appropriate, including your past communication. As to directing email to you, I replied to your assistant, who apparently did not include you in her communication. We disagree with most of the below.

Please send a call in.

Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Trent Kashima [mailto:trk@classactionlaw.com]
**Sent:** Monday, November 21, 2016 10:18 AM
**To:** Bugaighis, Zana; Nguyen, Jimmy; Sullivan, Sean; Nick Suciu III; Robert Ahdoot; Vanessa Shakib
**Cc:** Keegan, Dee; Rebecka Garcia
**Subject:** RE: Kaskorkis v. GNC

Ms. Bugaighis:

As a preliminary matter, please note that I did not receive the email that included your November 19, 2016 letter.  Consequently, I only received your correspondence this morning.  This should go without saying, but please send me any future correspondence that you address to me, personally, or Plaintiffs' counsel, generally.  You can find a complete list of the counsel that should be noticed in our Joint 26(f) Report and Discovery Plan.

Plaintiffs disagree with your recitation of the meet and confer process, as outlined in your letter dated November 19, 2016.  Defendants have yet to propose a complete and approved sampling protocol.  As you may recall, on the November 10, 2016 joint call to Judge Burkhardt, you were reluctant to share the details of any proposed sampling, as it had not yet been approved by your client.  Upon further pressure by Judge Burkhardt, you outlined a preliminary proposal, emphasizing again that it was not yet approved by your client.  And, although you disclosed tentative and broad strokes, *i.e.*, that Plaintiffs and GNC would each pick 3 products in 9 divisions, the details were left unknown.  For example, in a subsequent phone call, Plaintiffs inquired the identity of the 9 divisions in your tentative plan, but were

2

given no answer.  As you indicated, the proposed sampling procedure had not been finalized and had not been approved.  No such final sampling has been proposed since.

Defendants further represented to Judge Burkhardt that meaningful document production is forthcoming and that they would provide Plaintiffs a reasonable time-period in which Defendants' production would be completed.  Yet again, Defendants' discovery responses do not include any indication of when responsive documents would be produced and GNC provided a mere three documents to date.  This only serves to compound our discovery disputes, as Defendants insist in responding to Plaintiffs' interrogatories by citing the same unidentified documents that it has failed to produce.  The end result of Defendants' "tactics" is that it has been three months and Plaintiffs have not received any substantive response to its outstanding discovery requests.  Given the length of this delay, and the upcoming class certification deadline, you must understand our frustration.  Accordingly, we will call to inform the Court of our intentions to file a motion to compel shortly.  If you would like to be on the call, please let us know.

If you would like to discuss this matter further, please contact my office.

Regards,

Trent

---

**From:** Bugaighis, Zana [mailto:ZanaBugaighis@dwt.com]
**Sent:** Monday, November 21, 2016 10:15 AM
**To:** Trent Kashima <trk@classactionlaw.com>; Nguyen, Jimmy <JimmyNguyen@dwt.com>; Sullivan, Sean <SeanSullivan@dwt.com>; Nick Suciu III <nicksuciu@bmslawyers.com>; Robert Ahdoot <rahdoot@ahdootwolfson.com>; Vanessa Shakib <vshakib@ahdootwolfson.com>
**Cc:** Keegan, Dee <DeeKeegan@dwt.com>; Rebecka Garcia <rag@classactionlaw.com>
**Subject:** RE: Kaskorkis v. GNC

Trent,

We are assuming there will be no call at 10:30 as we have not heard otherwise.

Thanks,
Zana

**Zana Bugaighis** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8304 | Fax: (206) 757-7304
Email: zanabugaighis@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Trent Kashima [mailto:trk@classactionlaw.com]
**Sent:** Wednesday, November 16, 2016 3:54 PM
**To:** Nguyen, Jimmy; Sullivan, Sean; Bugaighis, Zana; Nick Suciu III; Robert Ahdoot; Vanessa Shakib
**Cc:** Keegan, Dee; Rebecka Garcia
**Subject:** Kaskorkis v. GNC

Counsel:

Judge Scholper, the newly assigned Magistrate Judge on the case, has requested that the parties contact his chambers at 10:30 am on November 21, 2016 if any discovery disputes remain after the parties' meet and confer efforts.  If we are unable to resolve our disputes, Plaintiffs' counsel will circulate a call-in number.

Thanks,

Trent

**Trenton Kashima, Esq.**
*Finkelstein & Krinsk LLP*
550 West C Street, Suite 1760
San Diego, CA 92101
(619) 238-1333

**PLEASE NOTE OUR NEW ADDRESS.  THANK YOU.**

---

This message and all attachments is intended only for the use of the Addressee and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, any use or dissemination of this communication is strictly prohibited.  If you have received this communication in error, please erase all copies of the message and its attachments and notify me immediately.